UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAYMON HOLBERT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:13-cv-342-JMS-WGH |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**ENTRY**

The petitioner=s motion to appoint counsel has been considered.

The Sixth Amendment right to counsel does not apply in *habeas corpus* actions. *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2568 (1991). However, a district court does have the authority to appoint counsel to represent a habeas petitioner whenever it "determines that the interests of justice so require. . . ." 18 U.S.C. ' 3006A(a)(2)(B). Whether to appoint counsel is committed to the discretion of the trial court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997).

Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

Application of the foregoing factors in this case indicates that the petitioner=s claims are not particularly complex, that there is no likelihood that an evidentiary hearing will be necessary, that no discovery or other investigation will be required, that due allowance to the petitioner=s *pro se* status will be made and that the petitioner has at least thus far demonstrated ample ability

to express and present his claims. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims in this action, the petitioner is literate and seems fully aware of the proceedings involving his conviction and sentence in the Indiana state courts, and the respondent has not yet filed an answer to the petition, meaning that the court and the petitioner do not yet know whether, and to what extent or on what basis, his claims for relief are contested here.

These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner, and for this reason his motion for appointment of counsel [dkt. 11] is **denied.** Nothing in this Entry should be understood as limiting the petitioner from seeking representation on his own.

**IT IS SO ORDERED.**

Date: 11/20/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Daymon Holbert
No. 904844
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only

Henry.flores@atg.in.gov