# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| DAYMON HOLBERT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:13-cv-342-JMS-WGH |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

Petitioner Daymon Holbert is serving the executed portion of sentences imposed for his 2007 Marion County convictions for murder and robbery. He now seeks a writ of habeas corpus, arguing that his convictions were obtained in violation of his constitutional rights.

For the reasons explained in this Entry, Holbert's petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

### I. Background

Instead of consummating a drug transaction with LaShawn Campbell on June 21, 2004, Holbert and Jacque Johnson met Campbell and Johnson shot her in the back six times and the two then left with cocaine Campbell had been carrying. A portion of the evidence at Johnson's and Holbert's joint trial consisted of testimony from Dana Foley, Johnson's girlfriend. As recounted by the Indiana Court of Appeals:

> Johnson and Holbert returned to Foley's apartment, and Foley noticed that Johnson looked scared, "like he had saw [sic] a ghost." *Id*. at 737. When Foley asked him

> what was wrong, Johnson just shook his head. Holbert then told Johnson that "he did fine," and reassured him, saying "don't worry about it." *Id*. at 737-38. Johnson went to the closet and placed something in a brown paper bag in the top of the closet. Holbert advised Johnson to "hurry up, they had to go," and the two men left Foley's apartment. *Id*. at 738. Later that evening, Johnson told Foley about shooting Campbell. He told Foley that, after Campbell was shot, she looked at Holbert and said, "Why, D, why." *Id*. at 751. Foley later looked in the bag Johnson had placed in the closet and saw that it contained the gun Johnson usually carried on his person. The next day, Foley observed Johnson in possession of a large amount of crack.

*Holbert v. State,* 900 N.E.2d 85, *1 (Ind.Ct.App. 2008), *trans. denied.* The reference to "D" is a reference to Holbert, who was known by the nickname "D."

On direct appeal, Holbert challenged Foley's alleged hearsay testimony implicating him in the murder. The Indiana Court of Appeals held that although the statement was admitted in error, the admission of the testimony was harmless due to the admission of additional evidence that established Holbert's involvement in the crimes. *Id.*

Following his direct appeal, Holbert filed an action for post-conviction relief, claiming that his trial counsel was ineffective for not conveying a plea offer and that his direct appeal counsel was ineffective for not challenging the sufficiency of the evidence for his robbery and murder convictions. The trial court's denial of Holbert's petition for post-conviction relief was affirmed on appeal in *Holbert v. State*, 985 N.E.2d 372 (Ind.Ct.App.) *transfer denied,* 989 N.E.2d 337 (Ind. 2013).

This action followed. Holbert seeks relief on all the claims referenced above as having been submitted to the Indiana appellate courts, both in his direct appeal and in the appeal from the denial of his action for post-conviction relief. He also asserts a claim not previously presented to the Indiana state courts, this being that the trial court committed error in denying his motion to sever his trial from that of Johnson.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).

The scope of the Great Writ is limited because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). As the Supreme Court has clearly stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011) (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim ›presents no federal issue at all.‹" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

Holbert filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). His petition, therefore, is subject to AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

Under the AEDPA, so far as bears on this case, petitioner must show "that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Morgan v. Krenke,* 232 F.3d 562 (7th Cir. 2000)). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable

application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

In addition to the foregoing substantive standard, any claim which Holbert presents here but which was not properly preserved in the Indiana state courts has been procedurally defaulted. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992)(procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"), *cert. denied,* 508 U.S. 962 (1993). A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the habeas court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Holbert has demonstrated none of the foregoing.

### III. Discussion

#### A. Methodology

The Court will first address the respondent's arguments of procedural default. *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000)("A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim."). This includes the argument than a habeas claim is not cognizable under 28 U.S.C. § 2254(a).

As to claims which were resolved on the merits by the Indiana state courts, the methodology for the Court's analysis is this: The first step under § 2254(d)(1) is "to identify the

'clearly established Federal law, as determined by the Supreme Court of the United States' that governs the habeas petitioner's claims." *Marshall v. Rodgers,* 133 S. Ct. 1446, 1449 (2013) (citing *Williams v. Taylor,* 529 U.S. at 412; *Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009)). In proceeding with the analysis, a federal habeas court "must determine what arguments or theories supported, or [in the case of an unexplained denial on the merits], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011). If a state court's decision "was reasonable, it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011) (per curiam).

### B. Procedural Default

Holbert's first claim is that the trial court erred by denying his motion to sever his trial from that of Johnson. This claim was not presented in either his direct appeal or his appeal from the denial of post-conviction relief. It cannot be raised here for the first time as Holbert has not demonstrated cause, prejudice or that a fundamental miscarriage of justice has occurred.

Holbert's first habeas claim also includes his argument asserted in the direct appeal that the trial court erred by admitting Foley's hearsay testimony. The testimony was hearsay as to Holbert but was not hearsay as to Johnson. As presented to the state courts, however, this is an asserted error of Indiana law and such a claim is not cognizable under § 2254(d). *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"). Federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial, creating the likelihood that an innocent person was convicted. *Morgan v.*

*Krenke*, 232 F.3d 562 (7th Cir. 2000). The trial court's rulings in this case were not of this nature, and hence this claim will not support the award of federal habeas relief. *See Bigby v. Dretke,* 402 F.3d 551, 563 (5th Cir. 2005) (holding federal habeas review of a state court's evidentiary ruling focuses exclusively on whether the ruling violated federal constitutional protections). In any event, Holbert at no time preserved a constitutional claim with respect to the trial court's evidentiary ruling.

### C. Ineffective Assistance of Counsel

Holbert's remaining habeas claims are that he was denied the effective assistance of counsel. These claims were presented to the Indiana state courts in such a manner as to have preserved them for federal habeas review.

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). *Strickland* provides the clearly established Federal law, as determined by the Supreme Court of the United States that governs Holbert's claim of ineffective assistance of counsel. The Indiana Court of Appeals recognized *Strickland* as providing the controlling federal law. *Holbert v. State*, 985 N.E.2d 372, *1.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.*, at 685–687. "Under *Strickland*, we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra*, at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014)(parallel citations omitted).

Claims of ineffective assistance of counsel in the setting of a guilty plea were discussed in *Missouri v. Frye,* 132 S. Ct. 1399, 1408 (2012), and *Lafler v. Cooper,* 132 S. Ct. 1376, 1387 (2012).

In short, the Supreme Court in *Lafler* and *Frye* held "that lawyers must tell their clients about offers of plea bargains." *Estremera v. United States,* 724 F.3d 773, 778 (7th Cir. 2013). To establish prejudice in the plea context, a petitioner must show that there is a reasonable probability that but for his counsel's ineffective performance, he would [ ] have entered a plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Holbert argues that his counsel at trial were ineffective because they failed to communicate the State's plea offer to him. The post-conviction action gave Holbert the opportunity to develop an evidentiary record supporting this claim. The claim fails, however, because of the factual findings of the Indiana state courts that: (1) Holbert had failed to establish the terms of a plea offer from the State; and (2) "there is no evidence that Holbert would have taken the plea, assuming one was offered and communicated to him." *Holbert v. State*, 985 N.E.2d 372, *2-3. These are findings of fact and Holbert has not overcome the presumption of correctness which they carry. *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013).

Because there was no credible evidence of a specific plea, and because there was no evidence that Holbert would have accepted a plea, assuming one was offered, the Indiana Court of Appeals' further determinations that counsel did not perform deficiently and that Holbert was not prejudiced in the manner required by *Strickland* were both reasonable and correct. Without a doubt, Holbert has failed to show that the Indiana Court of Appeals disposition of this claim "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.'" *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013)(quoting *Harrington v. Richter,* 131 S. Ct. 770, 786–87 (2011)). This means, in turn, that Holbert cannot obtain federal habeas corpus relief based on his claim that his trial counsel were ineffective in not communicating a non-existent plea to him.

Holbert's further arguments regarding the ineffective assistance of counsel relate to the performance of appellate counsel in the direct appeal. Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel established in *Strickland. Howard v. Gramley,* 225 F.3d 784, 789–90 (7th Cir. 2000). A petitioner who contends that appellate counsel rendered ineffective assistance of counsel must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Id.* at 790.

As already noted, Holbert's counsel in the direct appeal successfully established that admission of Foley's hearsay statement was error. *Holbert v. State,* 900 N.E.2d 85 (Ind.Ct.App. 2008), *trans. denied.* In 2009. Relief was denied, however, because it was concluded that it was harmless error in light of the other evidence. *Holbert,* 900 N.E.2d 85, at *4. He claims here that that same hearsay was the only evidence supporting his murder charge. A lawyer who forswears arguments that have been tried and failed usually does his client a service by concentrating his appellate brief on the arguments that have the best chance of success. *See Jones v. Barnes,* 463 U.S. 745 (1983). This explains why there is no merit to Holbert's present claim that a sufficiency of the evidence challenge to the murder conviction would have been successful.

> Without disagreeing with the post-conviction court, we note that even if it could be said with certainty at this point that we would have also reversed Holbert's robbery conviction had the sufficiency of the evidence supporting it been appealed, that does not mean that Holbert would meet the deficiency prong of *Strickland*. In fact, the record indicates that Holbert has not met his burden with regard to that first prong. Holbert notes that at the post-conviction relief hearing, his appellate attorney admitted to knowing the outcome of Johnson's appeal. Whether intentionally or not, Holbert appears to confuse the timeline. His appellate attorney may well know the outcome of Johnson's appeal now, but Johnson's appeal was not handed down until well after Holbert's direct appeal was filed. Holbert's appellate counsel did

> not have the benefit of the results of Johnson's appeal before he filed and briefed Holbert's direct appeal. Moreover, he testified at the hearing that he considered sufficiency of the evidence for both charges as he was deciding what to appeal, but he did not feel that either challenge had merit. While he may feel differently now in hindsight, that is not the standard by which we judge counsel's performance. The decision of what issues to raise on appeal is a strategy decision that is left to counsel, and if counsel here considered the possible avenues and chose the one that he felt was most meritorious and most likely to aid his client, we cannot say that indicates deficient performance.
>
> We concluded that the statement was inadmissible hearsay but that the error was harmless because there was sufficient other evidence to support his conviction. He claims here that that same hearsay was the only evidence supporting his murder charge. We do not read our opinion in Holbert's direct appeal to be limited to the robbery charge. We mention both murder and robbery in our discussion, and the issue presented was whether the trial court abused its discretion in admitting the statement. Once we decided that the statement was admitted in error, had we concluded that it was the only evidence supporting Holbert's murder conviction, we would not have considered the error harmless. To the extent that Holbert is attempting to re-argue his direct appeal or supplement that argument, it is inappropriate to do so here at the post-conviction relief stage. The issue of the hearsay statement was available on direct appeal, and indeed was the basis for that appeal—it does not appear from either our opinion or a cursory inspection of Holbert's brief on direct appeal that the issue was limited to the robbery conviction. Holbert has not convinced us that he would have prevailed had the sufficiency of the evidence surrounding his murder charge been directly challenged, and has certainly not convinced us that his appellate counsel's performance was deficient in the issues that counsel chose to advance on direct appeal.

*Holbert v. State*, 985 N.E.2d 372, *4. This was a reasonable application of *Strickland* to the circumstances of the case and is wholly in accord with the principle that "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001). This also makes clear that the Indiana Court of Appeals found that a challenge to the sufficiency of the evidence as to both the murder conviction and the robbery conviction would not have been successful. Because "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997) (citations omitted), and because no such clear error--and no error at all--occurred in analysis in the post-conviction action of the selection of issues for the direct appeal in Holbert's case,

Holbert is not entitled to federal habeas relief based on this specification of ineffective assistance of counsel.

## IV. Conclusion

This Court has carefully reviewed the state record in light of Holbert's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011). Holbert's habeas petition does not present such a situation. That petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Holbert has failed to show that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right and debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: __February 27, 2015__

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Daymon Lamont Holbert
No. 904844
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only

Electronically Registered Counsel